IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **EUREKA DATABASE SOLUTIONS, LLC**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**KALTURA, INC.**<br><br>　　　　　　Defendant, | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 et seq. in which Plaintiff Eureka Database Solutions, LLC ("EDS" or "Plaintiff") files this patent infringement action against Defendant Kaltura, Inc. ("Kaltura" or "Defendant").

## BACKGROUND

1. Plaintiff EDS is the assignee of all right, title, and interest in and to U.S. Patent No. 6,173,287, entitled "Technique for ranking multimedia annotations of interest" ("the '287 Patent," attached as Exhibit A), U.S. Patent No. 6,243,708, entitled "Technique for accessing an item of interest within a stored representation of data" ("the '708 Patent," attached as Exhibit B), and U.S. Patent No. 6,311,189 entitled "Technique for matching a query to a portion of media" ("the '189 Patent," attached as Exhibit C), and (collectively, the "Patents-in-Suit"). EDS has the exclusive right to assert all causes of action arising under the Patents-in-Suit and the right to remedies for infringement thereof.

2. By making, using, selling, offering for sale, and importing products including but not limited to Kaltura's Smart Search, Kaltura is infringing the claims of the Patents-in-Suit.

## PARTIES

3. EDS is a Texas Limited Liability Company with a principal place of business at 1400 Preston Road, Suite 475, Plano, Texas 75093.

1

4. On information and belief, Kaltura, Inc. is a Delaware Corporation headquartered at 250 Park Avenue South, 10th Floor, New York, NY 10003. Kaltura may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, DE 19801.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Court has personal jurisdiction over Kaltura because, among other reasons, Kaltura has established minimum contacts with the forum state of Delaware.

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is a resident of Delaware, and has a regular and established place of business in this District, and has committed acts of infringement in this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,173,287

8. Plaintiff incorporates by reference the foregoing paragraphs and further alleges as follows:

9. On January 9, 2001, the United States Patent and Trademark Office issued the '287 Patent for inventions covering, in one claimed embodiment, a method for accessing an item of interest within a particular one of a plurality of stored representations of data, the method comprising: a) searching a plurality of stored annotations corresponding to different items within the plurality of stored representations of data to locate an annotation of interest corresponding to the item of interest, the annotation of interest having an associated data identifier and an associated location identifier, the associated data identifier corresponding to the particular one of the plurality of stored representations of data, the associated location identifier corresponding to a location of interest within the particular one of the plurality of stored representations of data; b) searching a plurality of stored data identifiers associated with the plurality of stored annotations to locate the associated data identifier and an associated address identifier, the associated address identifier corresponding to an address of the particular one of the plurality of stored representations of data within the plurality of stored representations of data; and c) accessing the

2

item of interest at the location of interest using the associated address identifier and the associated location identifier. A true and correct copy of the '287 Patent is attached as Exhibit A.

10. The technologies recited in the claims of the '287 Patent provide inventive concepts and do not claim an abstract idea. The inventive concepts are directed to a technical solution to solve a problem unique to data storage technology, by greatly enhancing and facilitating the operation of data storage technology.

11. For example, embodiments of the claimed invention recite a method for accessing an item of interest within stored representations of data by using annotations, data identifiers, locations of interest and other computer-specific technology. The inventions are directed to helping organizations solve the problem of allowing multimedia content to be easily stored on and retrieved from relatively inexpensive digital storage devices. ('287 Patent, col. 1, lines 16-17.)

12. The technology claimed in the '287 Patent presented new and unique advantages over the state of the art at the time. Although the inventions taught in the claims of the '287 Patent have by today been widely adopted by leading businesses, at the time of the invention, the technologies were innovative. At that time, organizations had little or no means of searching within multimedia content, organizing information about multimedia content, and delivering multimedia content in a ubiquitous manner. ('287 Patent, col. 1, lines 11-64.)

13. The claims of the '287 Patent are not directed to a "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," or "a building block of the modern economy." Instead, they are limited to narrow solutions for data storage technology. Nor does the technology claimed in the '287 Patent preempt all ways for accessing items within a stored representation of data. For example, the claims do not preclude identifying the location of a stored document or other methods of searching for data that do not use all of the claimed steps and elements.

14. The '287 Patent claims cannot be practiced by a human alone and there exists no human analogue to the methods claimed in the '287 Patent. The claims are specifically directed to data storage technology and recite components such as annotations, data identifiers, locations of interest and other computer-specific technology that exists in the context of computer-based systems, and cannot be practiced by a human alone.

15. Kaltura has been and is now directly and indirectly infringing one or more

claims of the '287 Patent, in this judicial District and elsewhere in the United States.

16. For example, Kaltura directly infringes the '287 Patent, including but not limited to claim 1, by making, using, selling, offering for sale, and importing the Kaltura Video Discovery and Search feature. The Kaltura products discussed herein are representative of the products accused, which encompass other Kaltura products having similar features.

17. Kaltura's Video Discovery and Search feature uses a method for accessing an item of interest (e.g., a keyword) within a particular one of a plurality of stored representations of data (e.g., a videos stream).

18. Kaltura's Video Discovery and Search feature identifies an annotation of interest (e.g., a particular keyword) from among the videos streams. A particular spoken or written word has an associated data identifier (e.g., the textual representation) and an associated location identifier (e.g., a timestamp).

19. Kaltura's Video Discovery and Search feature identifies a particular keyword from a multitude of possible keywords and locates an associated data identifier (e.g., the textual representation) and an associated address identifier (e.g., URL). Clicking a search result brings a user to a page with the video stream advanced to the timestamp associated with the particular keyword.

20. By making using, selling, offering for sale, and importing Kaltura's Video Discovery and Search and other similar products, Kaltura is infringing the claims of the '287 Patent, including but not limited to claim 1. Kaltura has committed these acts of infringement without license or authorization.

21. Kaltura has injured EDS and is liable to EDS for direct and indirect infringement of the claims of the '287 Patent pursuant to 35 U.S.C. § 271(a), (b), and (c).

22. As a result of Defendant's infringement of the '287 Patent, EDS has suffered harm and seeks monetary damages in an amount adequate to compensate for infringement, but in no event less than a reasonable royalty for the use made of the invention by Kaltura, together with interest and costs as fixed by the Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,243,708

23. Plaintiff incorporates by reference each of the allegations in the foregoing paragraphs, and further alleges as follows:

24. On June 5, 2001, the United States Patent and Trademark Office issued the '708 Patent for inventions covering, in one claimed embodiment, a method for locating a particularly relevant position within a multimedia stream comprising the steps of; a) identifying a multimedia stream based upon a query; b) identifying locations relevant to the query within the multimedia stream; c) ranking the relevance of each of the identified locations; and d) determining a particularly relevant one of the identified locations within the multimedia stream based upon the ranking. A true and correct copy of the '708 Patent is attached as Exhibit B.

25. The technologies recited in the claims of the '708 Patent provide inventive concepts and do not claim an abstract idea. The inventive concepts are directed to a technical solution to solve a problem unique to multimedia stream technology, by greatly enhancing and facilitating the operation of multimedia stream technology.

26. For example, embodiments of the claimed invention recite a method for locating a particularly relevant position within a multimedia stream by using queries, rankings and other computer-specific technology. The inventions are directed to helping organizations solve the problem of allowing multimedia content to be easily stored on and retrieved from relatively inexpensive digital storage devices. ('708 Patent, col. 1, lines 14-22.)

27. The technology claimed in the '708 Patent presented new and unique advantages over the state of the art at the time. Although the inventions taught in the claims of the '708 Patent have by today been widely adopted by leading businesses, at the time of the invention, the technologies were innovative. At that time, organizations had little or no means of searching within multimedia content, organizing information about multimedia content, and delivering multimedia content in a ubiquitous manner. ('708 Patent, col. 1, lines 14-67.)

28. The claims of the '708 Patent are not directed to a "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," or "a building block of the modern economy." Instead, they are limited to narrow solutions for data storage technology. Nor does the technology claimed in the '708 Patent preempt all ways for accessing items within a stored representation of data. For example, the claims do not preclude identifying the location of a stored stream or other methods of searching for data that do not use all of the claimed steps and elements.

29. The '708 Patent claims cannot be practiced by a human alone and there exists no human analogue to the methods claimed in the '708 Patent. The claims are specifically

directed to locating a particularly relevant position within a multimedia stream by using queries, rankings and other computer-specific technology that exists in the context of computer-based systems, and cannot be practiced by a human alone.

30. Kaltura has been and is now directly and indirectly infringing one or more claims of the '708 Patent, in this judicial District and elsewhere in the United States.

31. For example, directly infringes the '708 Patent, including but not limited to claim 1, by making, using, selling, offering for sale and importing Kaltura's Video Discovery and Search feature. The Kaltura products identified herein are representative of the products accused, which encompass other Kaltura products having similar features.

32. Kaltura's Video Discovery and Search feature uses a method of locating a particularly relevant position within a multimedia stream (e.g., "deep linking" into the video, jumping to playback from search results, and finding the exact point where a phrase appears).

33. Kaltura's Video Discovery and Search feature identifies multimedia streams based upon a query (e.g., search videos to the word level, search for a specific phrase within a library of videos).

34. Kaltura's Video Discovery and Search feature identifies locations relevant to a query within a multimedia stream (e.g., search results within a video, in-video search).

35. Kaltura's Video Discovery and Search feature ranks the relevance of each of the identified locations (e.g., search result ordered by relevance).

36. Kaltura's Video Discovery and Search feature determines a particularly relevant one of the identified locations within the multimedia stream based upon the ranking (e.g., a top search result in a list of search results ordered by relevance).

37. Kaltura has injured EDS and is liable to EDS for direct and indirect infringement of the claims of the '708 Patent pursuant to 35 U.S.C. § 271(a), (b), and (c).

38. As a result of Defendant's infringement of the '708 Patent, EDS has suffered harm and seeks monetary damages in an amount adequate to compensate for infringement, but in no event less than a reasonable royalty for the use made of the invention by Kaltura, together with interest and costs as fixed by the Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,311,189

39. Plaintiff incorporates by reference each of the allegations in the foregoing

paragraphs, and further alleges as follows:

40. On October 30, 2001, the United States Patent and Trademark Office issued the '189 Patent. One claimed embodiment recites a method for matching a query to a portion of media, comprising: a) receiving a query relating to media of interest; b) searching, based upon the query, a plurality of annotation values to identify an annotation value within the plurality of annotation values which matches the query, each of the plurality of annotation values corresponding to a respective portion of a respective item of available media; c) identifying a start time of a media stream forming a first portion of a first item of available media corresponding to the identified annotation value; and d) providing the identified media stream start time in response to the query. A true and correct copy of the '189 Patent is attached as Exhibit C.

41. The technologies recited in the claims of the '189 Patent provide inventive concepts and do not claim an abstract idea. The inventive concepts are directed to a technical solution to solve a problem unique to media streaming technology, by greatly enhancing and facilitating the operation of media streaming technology.

42. For example, embodiments of the claimed invention recite a method for matching a query to a portion of media using queries and other computer-specific technology. The inventions are directed to helping organizations solve the problem of allowing multimedia content to be easily stored on and retrieved from relatively inexpensive digital storage devices. ('189 Patent, col. 1, lines 13-21.)

43. The technology claimed in the '189 Patent presented new and unique advantages over the state of the art at the time. Although the inventions taught in the claims of the '189 Patent have by today been widely adopted by leading businesses, at the time of the invention, the technologies were innovative. At that time, organizations had little or no means of searching within multimedia content, organizing information about multimedia content, and delivering multimedia content in a ubiquitous manner. ('189 Patent, col. 1, lines 13-66.)

44. The claims of the '189 Patent are not directed to a "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," or "a building block of the modern economy." Instead, they are limited to narrow solutions for data media streaming technology. Nor does the technology claimed in the '189 Patent preempt all ways for matching queries to media. For example, the claims do not preclude matching the

query to the media as a whole, or other methods of searching for data that do not use all of the claimed steps and elements.

45. The '189 Patent claims cannot be practiced by a human alone and there exists no human analogue to the methods claimed in the '189 Patent. The claims are specifically directed to matching a query to a portion of media using queries and other computer-specific technology that exists in the context of computer-based systems, and cannot be practiced by a human alone.

46. Kaltura has been and is now directly and indirectly infringing one or more claims of the '189 Patent, in this judicial District and elsewhere in the United States.

47. For example, Kaltura directly infringes the '189 Patent, including but not limited to claim 1, by making, using, selling, offering for sale and importing Kaltura Video Discovery and Search. The Kaltura Video Discovery and Search feature is representative of the products accused, which encompass other Kaltura products having similar features.

48. Kaltura uses a method for matching a query to a portion of media (e.g. the in-video search feature matches a keyword query to a portion of a video).

49. Kaltura allows users to search for a particular keyword among the videos streams (e.g. searchable chapters, searching down to the word level, searching for a specific phrase in a video, and in-video search.

50. Kaltura identifies a particular keyword from a multitude of possible keywords, each corresponding to a respective portion (e.g., timestamp) of a respective item of available media (e.g., video stream).

51. Kaltura identifies a start time for each search result and provides those start times in the web interface (e.g. the exact point in the video where a keyword appears or is spoken).

52. Kaltura has injured EDS and is liable to EDS for direct and indirect infringement of the claims of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b), and (c).

53. As a result of Kaltura's infringement of the '189 Patent, EDS has suffered harm and seeks monetary damages in an amount adequate to compensate for infringement, but in no event less than a reasonable royalty for the use made of the invention by Kaltura, together with interest and costs as fixed by the Court.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief from this Court:

A.  That Defendant has directly and indirectly infringed the '287, '708, and '189 patents;

B.  That Defendant be ordered to pay damages to EDS, together with costs, expenses, pre-judgment interest and post-judgment interest as allowed by law;

C.  That the Court enter judgment against Defendant, and in favor of EDS in all respects;

D.  For any such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, EDS requests a trial by jury of any issues so triable by right.

Dated: October 27, 2017                     Respectfully submitted,


STAMOULIS & WEINBLATT LLC

 /s/ Stamatios Stamoulis
Stamatios Stamoulis
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com

Ryan E. Hatch
Law Office of Ryan E. Hatch
CA State Bar No. 235577
13323 W. Washington Blvd., Suite 100
Los Angeles, CA 90066
Tel. 310-279-5076
Fax. 310-693-5328
Email: ryan@ryanehatch.com

Attorney for Plaintiff,
*Eureka Database Solutions, LLC*